IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KYLE AND SARAH BEERBOHM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>                    *Plaintiffs*<br><br>VERSUS<br><br>LUMBER LIQUIDATORS, INC.,<br>a Delaware corporation,<br>LUMBER LIQUIDATORS LEASING, LLC,<br>a Delaware Limited Liability corporation,<br>LUMBER LIQUIDATORS HOLDINGS, INC.,<br>a Delaware corporation, and<br>LUMBER LIQUIDATORS SERVICES, LLC,<br>a Delaware Limited Liability corporation<br>                    *Defendants.* | CASE NO.<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs KYLE AND SARAH BEERBOHM, individually and on behalf of all others similarly situated (the "Class," as more fully defined below), bring this class action complaint against Defendant Lumber Liquidators, Inc.; Defendant Lumber Liquidators Leasing, LLC; Defendant Lumber Liquidators Holdings, Inc.; and Defendant Lumber Liquidators Services, LLC (collectively, "Lumber Liquidators" or "Defendants") and alleges on personal knowledge, investigation of their counsel, and on information and belief as follows:

### INTRODUCTION

1.    This is a proposed class action brought by Plaintiffs on behalf of themselves and the below-defined Class against Lumber Liquidators to obtain damages and injunctive relief

1

arising from and relating to the purchase and installation of Lumber Liquidators' Chinese laminate and engineered wood flooring materials ("Chinese Flooring").

2. Defendant Lumber Liquidators is the largest retailer of hardwood flooring in the United States, with more than 360 stores in 46 states and annual revenues of more than one billion dollars. As part of its regular business operations, Lumber Liquidators sells laminate and engineered wood flooring. More than 100 million square feet of Lumber Liquidators laminate flooring is installed in homes in the United States each year. Although Lumber Liquidators is based in the United States, much of its laminate and engineered wood flooring is manufactured in China.

3. This class action arises out of Lumber Liquidators' scheme to import into the United States, and to deceptively warrant, advertise and sell Chinese Flooring that fails to comply with relevant and applicable formaldehyde standards with respect to the products.

4. In particular, despite its direct representations to the contrary, Lumber Liquidators manufactures, sells, and distributes Chinese Flooring, which emits and off-gasses excessive levels of formaldehyde, which is categorized as a known human carcinogen by the United States National Toxicology Program and the International Agency for Research on Cancer.

5. Further, contrary to Lumber Liquidators' repeated, detailed and uniform representations that its flooring complies with strict formaldehyde standards on its product labels, website, and elsewhere, the toxic formaldehyde emissions from its Chinese Flooring is multiple times greater than the maximum permissible limits set by those standards at the time of purchase.

6. Lumber Liquidators' illegal, deceptive and unfair conduct with respect to its manufacturing, marketing, and sale of Chinese Flooring has caused Plaintiffs and the other Class

members to suffer direct financial harm. Plaintiffs' purchase is markedly less valuable because of its elevated level of formaldehyde. Plaintiffs would not have purchased flooring from Lumber Liquidators, or would have paid significantly less for the flooring, had he known that the product contained elevated levels of the toxin formaldehyde.

## PARTIES

7. Plaintiffs, Kyle and Sarah Beerbohm are persons of the full age of majority domiciled and residing in the Parish of St. Tammany, State of Louisiana.

8. Defendant, Lumber Liquidators, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168. Lumber Liquidators, Inc. is licensed and doing business in the State of Louisiana.

9. Defendant, Lumber Liquidators Leasing, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

10. Defendant, Lumber Liquidators Holding, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23618.

11. Defendant, Lumber Liquidators Services, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds the sum value of $5,000,000.00 and is a class action in which Members of the Class are citizens of a state different from Defendants.

13. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391, because Plaintiffs reside in this Judicial District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District. In addition, Defendants do

business and/or transact business in this Judicial District, and therefore, are subject to personal jurisdiction in this Judicial District and reside here for venue purposes.

## FACTS COMMON TO ALL CLASS MEMBERS

14. Lumber Liquidators was established in 1993 and has since become the largest retailer of hardwood flooring in the United States, with more than 360 stores in 46 states and annual revenues of more than one billion dollars. As part of its regular business operations, Lumber Liquidators sells laminate and engineered wood flooring directly to homeowners or contractors acting on the homeowners' behalf. More than 100 million square feet of Lumber Liquidators' laminate flooring is installed in homes in the United States each year.

15. Lumber Liquidators manufactures and purchases many of its wood and laminate flooring material from China. Indeed, Lumber Liquidators has a representative office in Shanghai China and assumed direct control of its entire product sourcing in China, through its Chinese headquarters.

16. Lumber Liquidators represents that it "negotiates directly with the mills, eliminating the middleman and passing the savings on to the customers." Lumber Liquidators further represents itself as an "environmentally conscientious company [that] only purchases from suppliers who practice sustainable harvesting, which allows forests to heal and re-grow faster," and that "[a]t Lumber Liquidators, we believe hardwood flooring is a natural, healthy choice—for both you and the environment."

17. In addition, Lumber Liquidators manufactured, labeled and sold, during the Class Period, the toxic Chinese Flooring as being compliant with "CARB [California Air Resources Board] regulations in the State of California." CARB is an entity which has promulgated safety standards for the emission of formaldehyde for products sold in California. Indeed, Lumber

Liquidators represents that it requires all of its "suppliers [to] comply with California's advanced environmental requirements, even for products sold outside California."

18. Contrary to these representations, Lumber Liquidators' Chinese Flooring is not CARB compliant. Rather, the Chinese Flooring contains a dangerous level of formaldehyde gas, which exceeds the "CARB regulations in the State of California" and the standards promulgated in the Toxic Substances Contract Act, 15 U.S.C. 2601, et. seq. (Title VI – Formaldehyde Standards of Composite Wood Products).

19. Formaldehyde is hazardous to human health. Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments including skin and breathing problems. The risk of these health problems is significantly greater for children. Because the Chinese Flooring Lumber Liquidators sold Plaintiffs and Class Members exceeds allowable levels imposed by CARB and the Toxic Substances Contract Act, the Chinese Flooring poses great health risks to consumers.

20. Lumber Liquidators knew or should have known that its Chinese Flooring contained dangerous levels of formaldehyde at levels exceeding the CARB standards and the Toxic Substances Contract Act. Nonetheless, Lumber Liquidators' marketing materials for the Chinese Flooring contained false and misleading information relating to compliance with these laws, which were designed to increase sales of the product at issue.

21. Despite knowing of the defects in the Chinese Flooring, Lumber Liquidators has continued to sell the Chinese Flooring to consumers and has not notified purchasers, builders, and/or homeowners with the Chinese Flooring of the defect.

22. Plaintiffs and Class Members have not received the value for which they bargained when the Chinese Flooring was purchased. There is a difference in value between the

Chinese Flooring as warranted and the Chinese Flooring containing the defect. Plaintiffs and Class Members would not have purchased the Chinese Flooring or would have paid less for it had they known it contained formaldehyde at levels in violation of CARB regulations and the Toxic Substances Contract Act.

23. Plaintiffs and the Class have been damaged by Lumber Liquidators' dangerous and deceptive Chinese Flooring. Plaintiffs and the Class are entitled to a return of the full purchase price paid for the Chinese Flooring and other damages to be proven at trial.

## PLAINTIFF'S FACTUAL ALLEGATIONS

24. Plaintiffs, Kyle and Sarah Beerbohm, are the owners of immovable property located at 100 Gilmore Circle, Covington, Louisiana, 70433.

25. Plaintiffs purchased 12mm Inspiri Dreamhome Sloan Street Teak Laminate Flooring in March, 2013. Plaintiff Kyle Beerbohm installed the flooring shortly thereafter.

26. Upon information and belief and as indicated on the product label, this flooring was manufactured at a laminate mill in China. It was unknown to the plaintiffs at the time of purchase and installation that the Chinese Flooring was defective in that it had high levels of formaldehyde emissions and other failures as described.

27. The product label which represented that the product was "California 93120 PHASE 2 Compliant for Formaldehyde." Plaintiff relied on this representation and assumed that the Chinese Flooring complied with those laws and regulations, as represented.

28. When Plaintiff purchased the Chinese Flooring, the representations on the product packaging, on Lumber Liquidators' website, and made by Lumber Liquidators' salespeople, regarding compliance with CARB formaldehyde standards were not true. Rather, the Chinese Flooring contained formaldehyde levels in excess of CARB standards and other applicable laws and regulations.

29.     Plaintiff would not have purchased the Chinese Flooring from Lumber Liquidators had she known about the defect in the flooring, including that it did not comply with CARB formaldehyde standards and other applicable laws and regulations.

30.     The characteristics of the Chinese Flooring defect (the formaldehyde emissions) were present when the Chinese Flooring left Lumber Liquidators and were part of the design and manufacture.

31.     Plaintiffs have suffered damages as a result of the purchase and installation of the flooring, as further detailed herein.

## CLASS ACTION ALLEGATIONS

32.     Plaintiffs bring this action as a class action on behalf of himself and all others similarly situated for the purpose of asserting claims alleged in this complaint on a common basis.

33.     Pursuant to Rules 23(a), (b)(3), (b)(2) and (c)(4) of the Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of himself and all others similarly situated. Specifically, Plaintiffs seek to represent the following persons ("**the Class**" or "**Class Members**"):

> **INJUNCTIVE RELIEF CLASS:**
> **All persons and entities in the State of Louisiana who purchased and installed engineered wood and laminate flooring from Lumber Liquidators Holdings, either directly or through an agent, that was sourced, processed, or manufactured in China.**
>
> **DAMAGES CLASS:**
> **All persons in the State of Louisiana who purchased and installed engineered wood or laminate flooring from Lumber Liquidators, either directly or through an agent, that was sourced, processed or manufactured in China.**

Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Class are the defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with the defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

### Numerosity

34.     The proposed Class is so numerous that individual joinder of all Members is impracticable.

35.     Lumber Liquidators is the largest retailer of hardwood flooring in the United States, with more than 360 stores in 46 states, including Louisiana. In addition, Lumber Liquidators has annual revenues of more than one billion dollars, and more than 100 million square feet of Lumber Liquidators laminate flooring installed in homes in the United States each year. As a result, the proposed class likely includes thousands, and possibly tens of thousands, of members. While the precise number and identities of Class Members are unknown at this time, such information can be readily ascertained through appropriate investigation and discovery. The disposition of the claims of the Class Members in a single action will provide substantial benefit to all parties and to the Court.

### Predominance of Common Questions of Law and Fact

36.     Common questions of law and fact exist as to all Members of the Class and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following:

- a. Whether Lumber Liquidators Chinese Flooring emits excessive levels of formaldehyde;

b. Whether Lumber Liquidators knew or should have known that its Chinese Flooring did not conform to its label or marketing descriptions;

c. Whether Lumber Liquidators omitted and concealed material facts from its communications and disclosures to Plaintiffs and other Class Members regarding the illegal sourcing of its Chinese Flooring products;

d. Whether Lumber Liquidators breached its express or implied warranties to Plaintiffs and Class Members with respect to its Chinese Flooring products;

e. Whether Lumber Liquidators has been unjustly enriched as a result of its conduct;

f. Whether, as a result of Lumber Liquidators' conduct, Plaintiffs and other class Members have suffered damages and, if so, the appropriate measure of damages to which they are entitled; and

g. Whether, as a result of Lumber Liquidators' misconduct, Plaintiffs and other Class Members are entitled to equitable relief or other relief and, if so, the nature of such relief.

### Typicality

37. Plaintiffs' claims are typical of the claims of the other Class members. Plaintiffs and each of the other Class members have been injured by the same wrongful practices of Lumber Liquidators. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the other Class members' claims and are based on the same legal theories.

### Adequacy

38. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of consumer protection

litigation. Further, Plaintiffs and their counsel are committed to the vigorous prosecution of this action.

### Superiority

39. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

   a. The claims presented in this case predominate over any questions of law or fact affecting individual Class Members;

   b. Individual joinder of all Class Members is impracticable;

   c. Absent a Class, Plaintiffs and Class Members will continue to suffer harm as a result of Defendants' unlawful conduct;

   d. Given the amount of individual Class Members' claims, few, if any, Class Members could afford to, or would, seek legal redress for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

   e. Even if individual Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

   f. Adjudications of individual Class Members' claims against Defendants would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication and may substantially impair or impede the ability of other Class Members to protect their interests; and

g.  This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiffs and Class Members can seek redress for the harm caused by Defendants.

40. Defendants implemented uniform policies and practices relating to the Chinese Flooring, which resulted in uniform damage to Plaintiffs and Class Members. As a result, Defendants have acted or refused to act on grounds generally applicable to each Class Member, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

41. Defendants' failure to comply with its legal obligations and warranties to consumers arises out of a common omission or failure to act, which has a uniform effect on Plaintiffs and all Class Members. Plaintiffs seek preliminary and permanent injunctive relief and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Defendants to discontinue their unlawful conduct.

42. Because Plaintiffs seek injunctive and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants. Further, bringing individual claims would overburden the courts and would be an inefficient method of resolving the dispute at the center of this litigation.

## FIRST CAUSE OF ACTION:

### Breach of Warranty of Redhibition

43. Plaintiffs, on behalf of themselves and all others similarly situated, re-allege and re-incorporate by reference paragraphs 1-39, above.

44. Lumber Liquidators warranted that its flooring was free of defects when it sold those products to Plaintiffs and all others similarly situated as described in this Complaint. Lumber Liquidators further represented that its flooring products complied with CARB formaldehyde standards and all applicable laws and regulations. Plaintiffs, and all others similarly situated, reasonably relied upon these representations when purchasing the defective flooring.

45. The defects in the flooring in the form of dangerous and excessive levels of formaldehyde as sold by Lumber Liquidators renders the flooring so useless that plaintiffs would not have purchased the flooring had they known it contained such defects.

46. Plaintiffs, and all others similarly situated provided Lumber Liquidators with timely notice of its breach of warranty, to no avail.

47. Lumber Liquidators is considered a "manufacturer" of the defective flooring at issue, pursuant to La. R.S. 9:2800.53, as Lumber Liquidators holds itself out to be the manufacturer of the defective flooring and/or exercises control over or influences the design, construction, or quality of the product, and therefore is deemed to know that the defective flooring has a redhibitory defect, pursuant to La. C.C. art. 2545.

48. Additionally and/or in the alternative, Lumber Liquidators was also on notice regarding the excessively high levels of formaldehyde in its flooring from the complaints and requests for refund it received from other customers similarly situated to the plaintiffs, from numerous internet complaints posted by customers complaining of excessive formaldehyde emissions from the flooring, from various news articles and reports detailing the results of testing of the defective flooring which documented high formaldehyde levels, and from the federal securities class action lawsuit *Kiken v. Lumber Liquidators Holdings, Inc., et. al.,* 4:2013-cv-

00157 (E.D. Va.) filed on or about November 26, 2013 and which includes allegations regarding excessive levels of formaldehyde resulting in drops in the stock price of Lumber Liquidators.

49. As a direct and proximate result of Lumber Liquidators' breach of the warranty of redhibition, Plaintiffs, and all others similarly situated, have suffered damages and continue to suffer damages.

50. Plaintiffs, on behalf of themselves and all others similarly situated, are entitled to rescission of the sale of the defective flooring, return of the purchase price with interest from the time it was paid, reimbursement for the reasonable expenses occasioned by the sale, consequential damages related to the removal and replacement of the flooring, attorneys' fees, and all other damages to be proven at trial of the instant matter as a result of Lumber Liquidators breach of the warranty of redhibition with respect to the defective flooring at issue.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

51. Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference paragraphs 1-39, above.

52. Plaintiffs and Class Members conferred a benefit on Defendants when they purchased the Chinese Flooring.

53. Lumber Liquidators has been unjustly enriched in retaining the revenues derived from Class Members' purchases of the Chinese Flooring, the retention of which under these circumstances is unjust and inequitable because Lumber Liquidators' Chinese Flooring is defective in design, were not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by Lumber

Liquidators nor the reasonable expectations of ordinary consumers and caused the Plaintiffs and Class Members to lose money as a result thereof.

54. Plaintiffs and Class Members were impoverished as a result of Lumber Liquidators' unjust enrichment because: (a) they would not have purchased the Chinese Flooring on the same terms if the true facts concerning the unsafe Chinese Flooring had been known; (b) they paid a price premium due to the fact the Chinese Flooring would be free from defects; and (c) the Chinese Flooring did not perform as promised.

55. Because Lumber Liquidators' retention of the non-gratuitous benefit conferred on them by Plaintiffs and Class Members is unjust and inequitable, Lumber Liquidators must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

56. Plaintiffs and the Class Members are entitled to restitution of, disgorgement of, and/or the imposition of the constructive trust upon, all profits, benefits, and other compensation obtained by the Defendants from their deceptive, misleading, and unlawful conduct.

### THIRD CAUSE OF FACTION

#### Negligent Misrepresentation

57. Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference paragraphs 1-39, above.

58. Lumber Liquidators owed a duty of care to Plaintiffs, Class Members, and their agents or predecessors, to provide a flooring product that was fit for its intended use.

59. Lumber Liquidators specifically represented to the Plaintiffs, Class Members, and/or their agents or predecessors, that the flooring product at issue was fir for its intended use, and did not contain the defects complained of herein.

14

60. When Lumber Liquidators made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

61. Lumber Liquidators knew that Plaintiffs, Class Members, and their agents or predecessors, were relying on the representations.

62. In reliance upon the representations, Plaintiffs and Class Members purchased the Chinese Flooring and installed on the Plaintiff's and Class Members' homes.

63. As a direct and proximate result of Lumber Liquidators negligent misrepresentations, Plaintiffs and Class Members have been damaged as set forth in this Complaint.

64. As a direct and proximate result of the foregoing, Plaintiffs and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including costs, interest and fees, including attorneys' fees, as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated, pray for a judgment against Defendants as follows:

a. For an order certifying the Classes, pursuant to Fed. R. Civ. P. Rule 23, appointing Plaintiffs as representative of the Classes, and appointing the law firms representing Plaintiff as Class Counsel;

b. For compensatory damages sustained by Plaintiffs and the Damages Class;

c. For equitable and/or injunctive relief for the Declaratory Relief Class;

d. For payment of costs of suit herein incurred;

e. For both pre-judgment and post-judgment interest on any amounts awarded;

g. For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and on behalf of the Class Members, hereby demand a trial by jury as to all issues so triable.

(SEE SIGNATURE BLOCK ON NEXT PAGE)

Respectfully submitted:

**QUINN ALSTERBERG, LLP**

By: */s/ Justin E. Alsterberg*
**JULIE QUINN** (La. Bar No. 21923)
**JUSTIN E. ALSTERBERG** (La. Bar No. 31015)
855 Baronne St.
New Orleans, Louisiana 70113
Telephone: (504) 522-5607
Facsimile: (504) 561-6775
julie@quinnalsterberg.com
justin@quinnalsterberg.com

-AND-

Bruce W. Steckler (La. Bar No. 33657)
STECKLER, LLP
12720 Hillcrest Road
Suite 1043
Dallas, Texas 75230
Telephone: (972)387-4040
Facsimile: (972) 387-4041

bruce@stecklerlaw.com

Date: March 10, 2015